Civil action to recover broker's commissions alleged to be due under a contract of agency, said agreement being in words and figures as follows, to wit:
AUTHORIZATION TO SELL LAND.
NORTH CAROLINA — WAYNE COUNTY.
In consideration of the sum of one dollar and other valuable considerations, to A. G. Bogue, the undersigned, paid by F. B. Aycock, the receipt of which is hereby acknowledged, I hereby authorize F. B. Aycock, of Fremont, N.C. to sell, or contract to sell, to any person for me on or before 1 December, 1919, at the price of $30,000, upon the following terms: $10,000 cash; $2,000 1 January, 1921; $2,000 1 January, 1922; $2,000 1 January, 1923; $2,000 1 January, 1924; $12,000 1 January, 1925. Secured by mortgage on land, and interest annually at 6 per cent, the lot or tract (106) of land belonging to A. G. Bogue situated and described *Page 112 
as follows: Adjoining the lands of E. L. Pippin, Simon Aycock and others, containing 100 acres, more or less, and being land bought of Kennedy-Moye Realty Company, and known as Wyatt M. Barnes land.
It is agreed that A. G. Bogue may rent out all crops for the year 1920.
I agree and bind myself to pay said F. B. Aycock all over the price above mentioned, if he makes said sale, or contract of sale, for me on or before the time above specified.
And I do hereby bind myself that I will make a good and indefeasible title in fee, free from all incumbrances, by warranty deed, to any person or persons whom the said F. B. Aycock may sell said land to, on or before the date above specified.
 This 2 October, 1919. (Signed) A. G. BOGUE. [SEAL.]
On the afternoon of 1 December, 1919, the plaintiff produced one W. R. Ballance, who was ready, able, and willing to buy in accordance with the terms of the above agreement and in keeping with his written contract to purchase. It appears that the signing of the deed by Bogue and his wife, by common consent and mutual acquiescence, was delayed until the next morning, 2 December, as it was desirable not to disturb Mrs. Bogue and her baby that night.
On the following day, and thereafter, Ballance declined to accept the deed on the ground that under his contract of purchase he was not bound to take the property unless the deal was consummated on or before 1 December. His written agreement is as follows:
AGREEMENT TO PURCHASE LAND.
NORTH CAROLINA — WAYNE COUNTY.
In consideration of one dollar ($1) and other valuable considerations to me in hand paid by F. B. Aycock, the receipt of which is hereby acknowledged, I do hereby agree and bind myself, my heirs and assigns, to purchase from the said F. B. Aycock, at the price of $31,500, upon the terms of $11,500 cash; $2,000 1 January, 1921; $2,000 1 January, 1922; $2,000 1 January, 1923; $2,000 1 January, 1924; $12,000 1 January, 1925; on or before 1 December, 1919, the following described land adjoining the lands of E. L. Pippin, Simon Aycock and others, containing 100 acres, more or less, and being land purchased from G. A. Norwood and Kennedy-Moye Realty Company, and known as Wyatt Barnes land, owned by A. G. Bogue, and under contract to be sold by F. B. Aycock.
Said land to be conveyed to me in fee, free from incumbrances (107) when said sale is made. *Page 113 
 Witness my hand and seal, this 21 November, 1919. (Signed) W. R. BALLANCE. [SEAL.]
Witness: J. H. BEST.
At the close of plaintiff's evidence and upon motion of counsel for defendant, his Honor entered judgment as of nonsuit. Plaintiff appealed.
There is evidence on the record tending to show that the plaintiff produced a purchaser, or a contract of sale, in accordance with his agreement, which prima facie entitles him to his commissions. Therefore, the judgment of nonsuit was erroneous.
As to whether there has been any release or abandonment of the contract, so participated in by the plaintiff as to bar his right of recovery, can only be determined by a jury upon a full hearing and under proper instructions from the court. In the absence of all the evidence we refrain from discussing the case, as it goes back for a new trial; and, in all probability, if Ballance is required to live up to his contract of purchase, which apparently is enforceable, the plaintiff will have no further cause for complaint.
Reversed.
Cited: Croom v. Bryant, 194 N.C. 815; Johnson v. Ins. Co., 221 N.C. 441.
[EDITOR'S NOTE: The source reporter incorrectly cites Johnson v. Ins.Co. at 221 N.C. 445; the correct citation to page 441 has been restored in the text above.]